IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Antonio Little, Jr., ) | Case No. 0:23-cv-797-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Marcia Marine, Correctional Officer, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 153) recommending that the Court grant Genie Chisholms's motions to dismiss and for summary judgment (Dkt. Nos. 94 & 128), and the remaining defendants' motion for summary judgment (Dkt. No. 145). Also before the Court are Plaintiff's motions to appoint counsel, (Dkt. No. 155), amend judgment, (Dkt. No. 162), and alter complaint, (Dkt. No. 163). For the reasons set forth below, the Court adopts the R&R as the order of the Court, grants Defendants' respective motions for summary judgment, and denies Plaintiff's pending motions.

I.  **Background and Relevant Facts**

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Fourteenth Amendment. The court construed Plaintiff's Complaint as asserting the following claims of Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983: (1) Deliberate indifference to serious medical needs against Genie Chisholms; (2) Excessive force and retaliation against Dixon, Brown, Ellerbee, Officer Chisholms, and John Doe; (3) Excessive force and deliberate indifference to conditions of confinement against Marine; (4) Supervisory liability against Buckman. (Dkt. No. 153 at 3); (Dkt. No. 82).

Defendant Genie Chisholms moved to dismiss the complaint and for summary judgment (Dkt. Nos. 94 & 128), and the remaining defendants moved for summary judgment (Dkt. No. 145). Plaintiff opposes Defendants' respective motions. (Dkt. No. 107, 120, 149).

On February 14, 2024, the Magistrate Judge issued an R&R recommending that Defendants' respective motions be granted. (Dkt. No. 153). The Court extended the deadline for filing objections to the R&R. Plaintiff objections were due by March 15, 2024. (Dkt. No. 159). To date, Plaintiff has not filed objections to the R&R.

Defendants' respective motions for summary judgment are fully briefed and ripe for disposition.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Federal Rules of Civil Procedure 12(b)(6) and 56

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

    **c. Magistrate Judge's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with

making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Defendants are entitled to summary judgment on Plaintiff's claims. Namely, the Magistrate Judge correctly explained why Plaintiff had not established that he had exhausted administrative remedies as required by 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). *See* (Dkt. No. 153 at 5-10) (explaining in detail why Plaintiff's arguments to the contrary are unavailing). Accordingly, the Court **GRANTS** Defendants' respective motions to dismiss and for summary judgment. (Dkt. Nos. 94, 128, 145).

Because the Court has granted Defendants summary judgment, the Court **DENIES as moot** Plaintiff's motion to appoint counsel. (Dkt. No. 155).

As to Plaintiff's motion to alter judgment, (Dkt. No. 162), the Court **DENIES** the motion as it is unclear what judgment Plaintiff seeks to amend. A review of the substance of Plaintiff's motion reveals that the motion is a summary of Plaintiff's claims and repeats arguments Plaintiff

advances in opposition to Defendants' respective motions. Even construed as objections to the R&R, Plaintiff admits therein that he did not exhaust his administrative remedies and provides no substantive argument in response to the R&R's reasoning on this point. (Dkt. No. 162 at 8).[1]

Last, the Court **DENIES** Plaintiff's March 6, 2024 motion to alter complaint. (Dkt. No. 163). Plaintiff does not include a copy of his proposed amended complaint and states therein that he should be granted leave to amend to "add[] new defendants and obtain[] video surveillance to show this court that the Defendants named herein have been deceptive." (*Id.* at 1); (Dkt. No. 81) (setting deadline to amend pleadings as October 11, 2023). "A motion for leave to amend pleadings filed beyond the deadline set forth in the scheduling order will only be granted if it satisfies both the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4) and the standard of Rule 15(a)(2) for allowing amendment of pleadings." *Timbers v. Telligent Masonry, LLC*, Civ. No. JKB-21-00293, 2022 WL 17541751, at *3 (D. Md. Dec. 8, 2022); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (stating that "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings"). To satisfy the good cause standard, the party seeking to amend their complaint must show that the deadlines set forth in the scheduling order could not "reasonably be met despite the party's diligence." *Cook v. Howard*, 484 F. App'x 805, 814–15 (4th Cir. 2012). Here, Plaintiff puts forth no evidence establishing good cause. Further, Plaintiff appears to seek to amend for the improper purpose of avoiding Defendants' motions for summary judgment. *See,*

---

[1] The Court received Plaintiff's motion to alter judgment on March 4, 2023, (Dkt. No. 162), the same day it granted Plaintiff's March 1, 2024 motion for extension of time to respond to the R&R. (Dkt. Nos. 157, 159). Accordingly, given Plaintiff had asked for additional time to file objections to the R&R just three days before filing his motion to alter judgment, out of an abundance of caution the Court construes the motion to alter judgment as objections to the R&R and has undertaken a *de novo* review of the R&R and the record in this matter as to whether Plaintiff exhausted his administrative remedies.

*e.g., Goewey v. United States*, 886 F. Supp. 1268, 1284 (D.S.C. 1995) (denying motion to amend because it "appear[ed] to be an eleventh hour attempt to evade a grant of summary judgment by grasping at new legal theories"); *Witt v. Am. Trucking Ass'ns, Inc.*, 860 F. Supp. 295, 305 (D.S.C. 1994) ("A motion for leave to amend is not a vehicle to circumvent summary judgment. After the parties have conducted discovery and a pending summary judgment motion has been fully briefed, the court should be strongly disinclined to grant leave to amend, particularly where no good cause can be shown for the delay.").

### IV.     Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 153) as the order of Court, **GRANTS** Defendants' respective motion to dismiss and for summary judgment (Dkt. Nos. 94, 128, 145), and **DENIES** Plaintiff's motion to appoint counsel, (Dkt. No. 155), motion to amend judgment (Dkt. No. 162), and motion to amend (Dkt. No. 163). The Clerk is directed to enter judgment for Defendants and close this action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Judge

March 21, 2024
Charleston, South Carolina